RAWLS, Chief Judge.
We are here primarily concerned with a squabble between Appellee Hurtis Adkinson and Appellant City of DeFuniak Springs about a monthly sewerage fee. It appears that Adkinson, approximately a year before filing his instant complaint for a declaratory decree and injunctive relief, built a house on a SO x 125 foot lot in DeFuniak Springs, Florida, for his mother, Effie Adkinson. The construction of the house included the installation of a cesspool, which was duly inspected and approved by the City. Subsequently the City constructed a sewer line along Orange Avenue, that being the southern boundary of Adkinson’s lot, and a monthly sewerage fee was then imposed against the Adkinsons. The Peoples Water Service, a privately owned corporation, by contract with the City agreed to act as its agent for hilling and collecting the City’s monthly sewer charges which in the case of the Adkinson’s property amounted to $2.45 per month. The water company further agreed to shut off the water supply of any consumer who failed to pay the sewer charge upon receipt by it of a certified copy of a resolution adopted by the City reciting such fact. We note that no such resolution appears in this record. The Adkinsons take the position that their cesspool is in good working order, is adequate, and that they do not need the service of the City’s sewerage system and object to being charged a fee for that which they neither need nor want.
The City by its answer and counterclaim alleged, inter alia, that its ordinance in the interest of public health and general welfare mandatorily requires all owners of improved property situated within the corporate limits of the City to connect with the municipal sewerage system if the same is available, and prayed for affirmative relief ordering the plaintiffs: (1) to connect immediately to the city sewer line “ * * * made available to them”, and (2) to pay all arrearages and delinquencies in the sewerage fees previously assessed or require that same be satisfied out of plaintiffs’ bond.
This brings us to what we deem to be the only material point on appeal, viz.: Did the Court err in denying the injunctive relief sought by the defendants’ counterclaim?
In his order entered upon final hearing, the chancellor found that the septic tank or cesspool “ * * * is sanitary and in lawful use, in good working order and not causing any trouble * * * ” and “ * * * that it would be unreasonable to require the plaintiffs to connect to the City sewerage line so long as their tank is in good working order.” He further found that “ * * * the city would be justified in having the defendant, Peoples Water Service, discontinue service to the plaintiffs for the nonpayment of sewerage services furnished to plaintiffs; that since no sewerage service has in fact been furnished by the City to the plaintiffs, that the Peoples Water Service could therefore not discontinue service to the plaintiffs * * It was upon the foregoing findings that the chancellor decreed inter alia:
“That on the basis of the Defendant’s counterclaim, the Plaintiffs be and are hereby ordered to connect plumbing facilities located on the property described in the Plaintiff’s complaint, with the city sewerage lines located thereon within a reasonable time and that the Court hereby determines a reasonable time to be so long as septic tank now located on the said property shall continue in good work *709 ing order, but that the Plaintiffs may not clean or repair said septic tank but must immediately upon there arising the need for cleaning or repairing, connect to the City sewerage lines.”
We agree with that part of the decree granting defendants’ counterclaim requiring plaintiffs to connect the plumbing facilities located on the described property to the City’s sewer lines within "a reasonable time, but find that the chancellor’s definition of a “reasonable time” cannot be sustained.
 It is well settled that the sanitary disposal of human waste is an essential function of a municipality. A city sewerage system cannot effectively function upon a “tic tac toe” system, that is, connect one dwelling, skip a dwelling, and connect the next one. Where one septic tank might not be injurious to a neighbor, two septic tanks could well be injurious to the health of the community. It is upon this premise that legislative acts have been properly enacted authorizing municipalities to construct and operate sewerage systems, and provide for the revenues to carry out such commendable objective.[1] We conclude that the definition by the chancellor of a “ * * * reasonable time * * * ” for connecting to the sewer line in this cause has no basis in this record. Weighing all the circumstances of this record, we find a “reasonable time” for the Adkinsons to connect with the City’s sewer line is “forthwith.”
We next examine the City’s counterclaim for unpaid taxes or fees. As noted above, there is an absence in this record of a certified copy of the resolution called for in the City’s ordinance by which the City would lawfully order People’s Water Service to discontinue furnishing water to the subject property. In view of this deficiency, we conclude that the chancellor did not err in failing to order the payment of the alleged delinquent account.
Reversed with directions to the chancellor to delete that portion of the decree defining “reasonable time.” Otherwise the decree is affirmed.
STURGIS and JOHNSON, JJ., concur.

. Chapter 184, Florida Statutes, F.S.A.