### ROUSE v. DADE COUNTY.
No. 69-4597.

Circuit Court, Dade County.

July 7, 1969.

Herman T. Isis, Coral Gables, for plaintiff.

Thomas C. Britton, County Attorney, John G. Fletcher, Assistant County Attorney for defendant.

RAYMOND G. NATHAN, Circuit Judge.

*Final judgment:* This cause came on to be heard on the plaintiff's motion for summary judgment and the defendant-counter-claimant's motion for summary judgment. Plaintiff, Rouse, as he is seeking a declaratory decree, is entitled to a declaration of his

rights notwithstanding that the court is hereby ruling against his theory of the case. The court does find that there is no material issue of fact and, finding that the defendant-counterclaimant Dade County is entitled to judgment in accordance with its theory, it is therefore ordered —

(1) That the motion for summary judgment of plaintiff Rouse is granted only as to a declaration of his duties set forth below.

(2) That the motion for summary judgment of Dade County is granted, and final judgment is entered as follows —

Plaintiff Rouse filed suit for a declaratory decree alleging that Dade County is attempting to enforce, as to him, §4614.1, South Florida Building Code, adopted as part of the Dade County ordinances (Chapter 8, Code of Metropolitan Dade County). This section reads —

> "All premises intended for human habitation or occupancy . . . shall be supplied from the approved public water mains, where such mains are available. Where a water supply is not available from approved public water mains such premises shall be supplied with potable water . . . from a privately-owned well or other source which has been properly approved by the authorities having jurisdiction."

The complaint further alleges, which allegations are not in dispute, that Rouse is the owner of a residence located at 15000 S. W. 105th Avenue in Richmond Heights. At the time of construction of the residence there was no approved public water system available for it. Potable water was (and currently is) being supplied from a privately-owned well which was approved by the authorities.

Recently an approved public water main has been installed and made available in the area. Dade County, through its administrative personnel has demanded that Rouse connect to this public system, relying on the said §4614.1, South Florida Building Code, as its authority.

Rouse has asked for a declaration of his rights, theorizing that he is not subject to the above provision as he has a private well, presently producing potable water. He further theorizes that should he be required to connect to the public system, he is entitled to just compensation for the taking of the use of his private well.

Dade County answered the plaintiff's complaint and filed a counterclaim for injunctive relief, praying that this court order

Rouse to connect to the public system and obtain only public water for human consumption. The answer of counterdefendant Rouse alleges that the said section is unreasonable and a taking of private property without just compensation.

It is the holding of this court that the said section applies to the property of Mr. Rouse. It is a continuing requirement that, where public water is available to facilities where water is to be consumed by humans, connection must be made to the public system.

Plaintiff Rouse's contention that the requirement is unreasonable as his well is producing potable water, is without merit. *Today* his well is producing potable water — tomorrow it may be producing polluted water, infected with bacilli and viral diseases, presenting a threat to the community. A similar contention to that of plaintiff Rouse was made in People v. Butcher, 209 N.Y.S.2d 723 (N.Y. App. 1960), in regard to a presently operating septic tank. There the New York court pointed out the prospective nature of mandatory connection ordinances, and commented on the duty of government to prevent future health tragedies, as well as caring for imminent ones.

Such preventive measures have been upheld by the courts in various states, including Florida, in similar circumstances. People's Water Service v. Adkinson, 184 So.2d 707 (Fla. App. 1966); Kaukas v. City of Chicago, 188 N.E.2nd 700 (Ill. 1963); Newton v. Hanlon, 149 S.E. 2d 606 (S.C. 1966); Cassidy v. City of Bowling Green, 368 S.W. 318 (Ken. 1963).

As to the contention that enforcement of the ordinance would be a taking of plaintiff Rouse's property without due process, the question has in a similar situation, been answered by the United States Supreme Court in Hutchinson v. City of Valdosta, 57 L.Ed. 520 (1913). Property rights must give way to the protection of the health of the public.

The disputed section is a reasonable and valid exercise of the police power.

Accordingly, it is ordered, adjudged and decreed — (1) That Elliott O. Rouse shall immediately connect to the Richmond Heights Utilities Company water system. (2) That the water provided by the Richmond Heights Utilities Company shall be used for human consumption in said residence. (3) That the water derived from the privately-owned well shall not be used for human consumption, but may be used for a lawn sprinkling system. (4) This court retains jurisdiction of this cause for the enforcement of this final judgment.